UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-0077-JCM-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| JOHN AMARALABORDE, et al., | |
| Defendant(s). | |

Pending before the Court is an order to show cause why the stipulated protective order with respect to Defendant Faris should not be vacated. Docket No. 33. The response thereto also seeks reconsideration of the Court's denial of the stipulated protective order with respect to Defendant Amaralaborde. *See* Docket No. 34 at 7; *see also* Docket No. 32 (order denying without prejudice stipulated protective order). The Court held a hearing on these matters on May 9, 2017. Docket No. 37.

The question before the Court is a discrete one, whether Defendants in this case should be given copies of discovery that include the personal identifying information of their alleged victims. These copies would be available to Defendants for their review in the prison law library. *See* Docket No. 34 at 6. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. Pro. 16(d)(1). As the use of the word "may" connotes, the conditions under which the defense may obtain discovery is subject to the discretion of the Court. *See, e.g., In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 122 (2d Cir. 2008). In determining whether a protective order should be entered, the Court is also mindful of other applicable requirements,

including the requirement in the Crime Victims' Rights Act that, *inter alia*, crime victims have the "right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). The Court finds the proposal to provide Defendants copies of discovery with personal identifying information, as currently written, runs afoul of this provision of the Crime Victims' Rights Act.

As articulated at the detention hearings in this case, the Government contends that Defendants have a history of non-compliance with previous Court orders (including failure to appear and violation of terms of probation) and that they pose a risk of danger to the community. *See* Hearing Rec. (3/20/17) at 3:37 - 3:38 p.m.; Hearing Rec. (4/26/17) at 3:17 - 3:18 p.m. The Government also explained at the hearing held on the instant matters that Defendants engaged in the theft of mail in this case, at least in part, for the purpose of misusing the alleged victims' personal identifying information. *See* Hearing Rec. (5/9/2017) at 8:37 - 8:38 a.m. Providing Defendants access to the very information the Government contends they misused is highly problematic. *See, e.g.*, *United States v. Griffin*, 2014 WL 1767201, at *1-2 (S.D. Miss. May 2, 2014).

Despite the Government's contentions, it now seeks to give Defendants copies of discovery containing personal identifying information of their alleged victims because (1) the discovery is "voluminous" and (2) a protective order will ensure compliance. Docket No. 34 at 3, 5.[1] Neither position is persuasive. First, the discovery in this case is estimated at 700 pages in length. *See* Docket No. 30 at 2. That is not voluminous discovery. Second, the Government's position that a protective order will suffice to protect the rights of the alleged victims runs counter to its previous contentions that Defendants

---

[1] The citation to *United States v. Vaughn* does not support the position advocated here, as that court ordered that witness and victim identification and contact information must be produced in unredacted form <u>to defense counsel but not to the defendant</u>. 2008 WL 4615030, at *3 (E.D. Cal. Oct. 17, 2008) ("Any disclosure pursuant to this order, or derived from information produced pursuant to this order shall be attorneys' eyes only . . . all [viewing] persons shall be identified to the government and they shall sign a protective order to be prepared by the government which precludes dissemination to any other person, <u>including the defendant</u>, of the disclosed information" (emphasis added)). The Court echos the sentiment of Judge Hollows that "the undersigned has no doubt that the defense lawyers in this case . . . would not negligently or purposefully disobey a protective order." *Id.*

have a history of non-compliance with Court orders and may be in the business of misusing personal identifying information for criminal gain.[2]

In short, the Court finds that giving Defendants copies of discovery with their alleged victims' personal identifying information is not appropriate in this case. While it is clear that the Government could in fact redact the personal identifying information, it appears the better course in this case would be to segregate the evidence containing personal identifying information (which appears to be limited to some of the opened mail and the law enforcement summary spreadsheet), and to only permit Defendants to review those documents in the presence of defense counsel. *See Griffin*, 2014 WL 1767201, at *1-2 (affirming magistrate judge's ruling permitting detained defendant accused of identity theft access to discovery with his alleged victims' personal identifying information only when in the presence of his counsel). The segregated discovery shall remain in the possession of defense counsel.

For these reasons, the Court hereby **VACATES** the stipulated protective order with respect to Defendant Faris. The Court further **DENIES** the request to reconsider the Court's order on the stipulated protective order with respect to Defendant Amaralaborde. The parties shall file, no later than May 16, 2017, amended stipulated protective orders that comport with this order.

IT IS SO ORDERED

Dated: May 9, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The position that the protective order will suffice to protect the alleged victims because the Defendants are in custody is similarly lacking. *See* Docket No. 34 at 6 (outlining procedures for prisoners to review discovery materials). Those procedures do not prevent Defendants from, *inter alia*, making notes regarding the materials, and such notes could include the personal identifying information of the alleged victims.